### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JON ELLINGTON TAYLOR,

           Plaintiff,

    v.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

           Defendant.

Case No. 2:15-cv-03102-EAS-EPD

Judge Edmund A. Sargus, Jr.

Magistrate Elizabeth A. Preston Deavers

### DEFENDANT'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff JON ELLINGTON TAYLOR's Complaint and sets forth its affirmative defenses as follows:

### PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer, Jon Ellington Taylor, against Defendant First Advantage Background Services Corp. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended.*

**ANSWER:**

Defendant admits that Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), but Defendant denies that it violated the FCRA or that Plaintiff is entitled to any relief.

### THE PARTIES

**COMPLAINT ¶2:**

Plaintiff Jon Ellington Taylor is an adult individual residing in Germantown, OH.

**ANSWER:**

Defendant admits that Plaintiff is an adult individual. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

No. 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

Defendant First Advantage Background Services Corp. ("FADV") is a consumer
reporting agency that regularly conducts business in the Southern District of Ohio, has a
principal place of business located at 1 Concourse Pkwy, Ste. 200, Atlanta, GA 30328 and is
registered with the Ohio Secretary of State as a foreign corporation authorized to conduct
business in this State.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 3 of Plaintiff's Complaint.

**JURISDICTION & VENUE**

**COMPLAINT ¶4:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and
supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that this Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C.

§ 1331. Defendant denies that Plaintiff brings state law claims in this action and denies the

remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

**COMPLAINT ¶5:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Defendant admits the allegations in Paragraph No. 5 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶6:**

FADV has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

**ANSWER:**

Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

The inaccurate information includes, but is not limited to a conviction from the State of Kentucky for felony Aggravated Trafficking in Drugs which is not against the Plaintiff. The inaccurate information instead belongs to another person unknown and non-related to Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 7 of Plaintiff's Complaint.

**COMPLAINT ¶8:**

FADV, however, has been inaccurately reporting this conviction on Plaintiff's consumer report.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

**COMPLAINT ¶9:**

FADV has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Specifically, Plaintiff applied for a position with GfK on or around May 18, 2015 and was unable to obtain employment.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 10 of Plaintiff's Complaint.

**COMPLAINT ¶11:**

The basis for the lost employment opportunities was the inaccurate information that appears on Plaintiff's consumer report sold by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

As a result of FADV's conduct, Plaintiff has suffered actual damages in the form of lost employment, harm to reputation, emotional distress, humiliation and embarrassment.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

At all times pertinent hereto, FADV was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the FADV herein.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

At all times pertinent hereto, the conduct of FADV, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in gross negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 14 of Plaintiff's Complaint.

## COUNT I — FIRST ADVANTAGE
## <u>VIOLATIONS OF THE FCRA</u>

**<u>COMPLAINT ¶15:</u>**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**<u>ANSWER:</u>**

Defendant restates its answers to Paragraph Nos. 1 through 14 as its answer to Paragraph

No. 15 of Plaintiff's Complaint.

**<u>COMPLAINT ¶16:</u>**

At all times pertinent hereto, FADV was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**<u>ANSWER:</u>**

Defendant admits the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**<u>COMPLAINT ¶17:</u>**

At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**<u>ANSWER:</u>**

Defendant admits the allegations in Paragraph No. 17 of Plaintiff's Complaint.

**<u>COMPLAINT ¶18:</u>**

At all times pertinent hereto, the above-mentioned report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

**<u>ANSWER:</u>**

Defendant admits the allegations in Paragraph No. 18 of Plaintiff's Complaint.

**<u>COMPLAINT ¶19:</u>**

Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, FADV is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendant denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

The conduct of FADV was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 20 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

**COMPLAINT ¶21:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 21 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred.

### SECOND DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's reading of its obligations under the FCRA is objectively reasonable.

### THIRD DEFENSE

To the extent Plaintiff failed to mitigate his damages, his recovery, if any, should be reduced accordingly.

6

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its costs and any and all other relief this Court deems appropriate.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND SERVICES CORP.


By: /s/John J. Kulewicz
    John J. Kulewicz, Trial Attorney
    Ohio Bar No. 0008376
    jjkulewicz@vorys.com
    Rodney A. Holaday
    Ohio Bar No. 0068018
    raholaday@vorys.com
    VORYS, SATER, SEYMOUR AND PEASE LLP
    52 East Gay Street
    Columbus, Ohio 43215
    (614) 464-6400
    (614) 464-6350 (facsimile)

    Co-Counsel for Defendant

    Frederick T. Smith (*pro hac vice* application to be submitted)
    Georgia Bar No. 657575
    fsmith@seyfarth.com
    Megan H. Poonolly (*pro hac vice* application to be submitted)
    Georgia Bar No. 345633
    mpoonolly@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street N.E., Suite 2500
    Atlanta, Georgia 30309-3958
    (404) 885-1500
    (404) 892-7056 (facsimile)

    Co-Counsel for Defendant


Date:  April 1, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2016, I electronically filed DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

> Gregory J. Gorski
> Francis & Mailman, P.C.
> Land Title Building, 19th Floor
> 100 South Broad Street
> Philadelphia, PA 19110
>
> Matthew A. Dooley
> Anthony R. Pecora
> O'Toole McLaughlin Dooley & Pecora, Co. LPA
> 5455 Detroit Road
> Sheffield Village, OH 44054
>
> Co-Counsel for Plaintiff

> By: /s/Rodney A. Holaday
> Counsel for Defendant