THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jon Ellington Taylor,
   Plaintiff(s)

vs.

First Advantage Background Services Corp.
   Defendant(s)

Case No. 2:15-cv-03102-EAS-EPD
District Judge: Honorable Edmund A. Sargus
Magistrate Judge: Honorable Elizabeth Preston Deavers

RULE 26(f) REPORT OF PARTIES
(to be filed no fewer than seven (7)
days prior to the Rule 16 Conference)

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on **April 27, 2016** and was attended by:

   **Gregory Gorski**, counsel for plaintiff(s) **Jon Ellington Taylor**

   _____, counsel for plaintiff(s) _____

   **Megan H. Poonolly**, counsel for defendant(s) **First Advantage Background Services Corp.**

   _____, counsel for defendant(s) _____

2. **Consent to Magistrate Judge.** The parties:

   \_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

   **X** do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures.** The parties:

   \_\_\_ have exchanged the initial disclosures required by Rule 26(a)(1);

   **X** will exchange such disclosures by **May 12, 2016**

   \_\_\_ are exempt from such disclosures under Rule 26(a)(1)(E).

   \_\_\_ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

   a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

   None.

    b.    Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

N/A

    c.    Recommended date for filing motions addressing jurisdiction and/or venue:

N/A

5. **Amendments to Pleading and/or Joinder of Parties**

    a.    Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: June 6, 2016

    b.    If class action, recommended date for filing motion to certify the class: N/A

6. **Recommended Discovery Plan**

    a.    Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

The parties anticipate that discovery will be necessary relating to liability, damages, and affirmative defenses prior to the filing of dispostive motions, including the exchange of written discovery and responses and documents thereto and the deposition of the parties and party representative.

    b.    What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None.

    c.    The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

The parties have agreed that any electronic discovery will be produced in hard copy, upon request. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer between themselves regarding any additional exchange or production that either party believes necessary.

2

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

None at this time.

  i. Have the parties agreed on a procedure to assert such claims **AFTER** production?

  _X_ No

  ___ Yes

  ___ Yes, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

Not applicable.

f. The parties recommend that discovery should proceed in **phases**, as follows:

Not applicable.

g. Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

The parties do not anticipate the use of an expert witness in this matter.

  i. Recommended date for making **primary expert designations**:

  N/A

  ii. Recommended date for making **rebuttal expert designations**:

  N/A

h. Recommended discovery **completion date**: September 5, 2016

3

7. **Dispositive Motion**(s)

    a. Recommended date for filing dispositive motions: November 5, 2016

8. **Settlement Discussions**

    a. Has a settlement demand been made? No.   A response? _____

    b. Date by which a settlement demand can be made: May 5, 2016

    c. Date by which a response can be made: May 20, 2016

9. **Settlement Week Referral**

    The earliest Settlement Week referral reasonably likely to be productive is the

    ___ March 20____       Settlement Week

    ___ June 20____        Settlement Week

    _X_ September 20_16_   Settlement Week

    ___ December 20____    Settlement Week

10. **Other matters for the attention of the Court:**

    None.

**Signatures:**

Attorney(s) for Plaintiff(s):

s/ Gregory Gorski
Ohio Bar# Admitted pro hac vice
Trial Attorney for Jon Ellington Taylor

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

Attorney(s) for Defendant(s):

Megan H. Poonolly
Ohio Bar# Admitted pro hac vice
Trial Attorney for First Advantage Background Services Corp.

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

4